IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERT ALONZO SAYLOR, | ) |
| AIS #170237, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-536-MHT |
| | ) [WO] |
| | ) |
| JAMES DELOACH, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Bert Alonzo Saylor ["Saylor"], a former state inmate, alleges the defendants violated his constitutional rights during his confinement in the segregation unit at the Draper Correctional Center ["Draper"] from February 5, 2005 until March 21, 2005.  Specifically, Saylor complains the defendants (i) failed to provide proper fire safety measures as the segregation unit lacked a sprinkler system, (ii) denied him access to the courts, (iii) failed to furnish adequate/sanitary shower facilities because "there is no rubber mats inside or out of the shower area....", and (iv) did not provide satisfactory laundry services.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  He names James DeLoach, the warden of Draper, and Joseph Womble and Vince Helms, correctional offices employed at Draper, as defendants in this cause of action.  Saylor requests that changes be made to the segregation unit and likewise seeks monetary damages from the

defendants. *Id*. at 4.

The defendants filed a special report and supporting evidentiary materials addressing Saylor's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of March 27, 2006 - Court Doc. No. 11*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Saylor is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505,

2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

  To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is

proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Saylor has failed to demonstrate that there is a genuine issue of material fact in order to preclude entry of summary judgment in favor of the defendants. *Matsushita*, *supra*.

## II. DISCUSSION

### A. Deliberate Indifference to Safety

Saylor asserts that the defendants exhibited deliberate indifference to his safety because the segregation unit at Draper was not equipped with a sprinkler system. In response to this allegation, the defendants maintain that "[w]hile there is no sprinkler system in the Segregation Unit, there are fire extinguishers and a high-pressure fire hose in the segregation [unit]." *Defendants' Exhibit 2 - Court Doc. No. 10-3 (Affidavit of James H. DeLoach)* at 1. The defendants further argue that "Draper Correctional Center meets

the fire codes as required by the Fire Marshall." *Defendants' Exhibit 1 - Court Doc. No. 10-2 (Affidavit of Vince Helms)* at 1; *see also Defendants' Exhibit 3 - Court Doc. No. 10-4 (Affidavit of Joseph Womble)* at 1 (The segregation unit is equipped with "five (5) fire extinguishers and a fire hose with an adjustable nozzle." The facility meets applicable fire codes.).

Correctional officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). However, a constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844. Thus, in order to survive summary judgment on this claim, the plaintiff is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk

>   of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

The evidentiary materials submitted by the defendants refute Saylor's conclusory allegation that correctional officers at Draper acted with deliberate indifference to his safety. Saylor has failed to demonstrate that defendants had any knowledge of or reason to believe that the fire safety provisions in the Draper segregation unit – specifically, the lack of sprinklers – posed a substantial risk of serious harm to Saylor. On the contrary, the evidence before this court establishes that the defendants acted reasonably in providing fire extinguishing equipment to the segregation unit. The record is devoid of any evidence that the defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Saylor, and that the defendants actually drew this inference and thereafter ignored this risk. Saylor has therefore failed to establish the requisite element of subjective awareness on the part of the defendants. *Carter*, 352 F.3d at 1350. Since the record fails to demonstrate any deliberate indifference or reckless disregard by the defendants, summary judgment is due to be granted in favor of the defendants on this claim.

### B. Access to Courts

Saylor complains that correctional personnel denied him adequate access to the law

library and notary services in violation of his right of access to the courts. In response to this claim, the defendants assert that "[i]nmates assigned to the Segregation Unit **do** have access to the institutional law library. Inmates assigned to the Segregation Unit gain access to the law library by submitting a request slip to a segregation officer for law materials/books. The request is filled and brought to the inmate in the Segregation Unit. A Notary Public is available to segregation inmates at least once per week upon the inmate's request...." *Defendants' Exhibit 1 - Court Doc. No. 10-2 (Affidavit of Vince Helms)* at 1-2.

The law is well settled that inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance created in *Bounds*. Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury" arising from the alleged inadequacies in the law library or legal assistance program. *Lewis*, 518 U.S. at 349. In identifying the specific right protected by *Bounds*, the Court explained that "*Bounds* established no ... right [to a law library or to legal assistance]. The right that *Bounds* acknowledged was the (already well-established) right of ***access to the courts***.... [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id*. at 350-351

7

(emphasis in original) (citations omitted).  The Court further determined *Bounds* did not require "that the State ... enable the prisoner to ***discover grievances***, and to ***litigate effectively*** once in court....  To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] ... the Constitution requires." *Id*. at 354 (emphasis in original).

The Court similarly rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing.  *Id*. at 349.  Moreover, *Lewis* emphasized that a *Bounds* violation is related to the lack of an inmate's capability to present claims.  518 U.S. at 356.  "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.  When any inmate ... shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury.  *Lewis*, 518 U.S. at 356.  Finally, the Court determined that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement....  [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone."  *Id*. at 356-357.  "[T]he Constitution does not require that prisoners ... be able to conduct generalized research, but

8

only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not ... thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

Saylor has failed to come forward with any evidence that the actions about which he complains deprived him of the ***capability*** of pursing claims in this or any other court. Throughout the proceedings in this case, Saylor has demonstrated that he is proficient and prolific at presenting and arguing claims to the court of his choice. Nothing before the court indicates that actions of the defendants in any way improperly impeded or adversely affected the plaintiff's efforts to pursue nonfrivolous legal claims and, therefore, Saylor has failed to establish the requisite injury. *Lewis*, 518 U.S. at 356. In the absence of ultimate prejudice or disadvantage, the defendants are entitled to summary judgment on the access to courts claim. *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

### C. Conditions of Confinement

Saylor complains that the defendants subjected him to unconstitutional conditions

of confinement by failing to place rubber mats in the shower area and denying him adequate laundry services. In response to these allegations, the defendants advise that although "Draper Correctional Center does not have an institutional laundry ... inmate laundry is sent out to the central laundry at Elmore Correctional Center daily. Laundry is picked up daily in the Segregation Unit.... There are no rubber mats in any showers at Draper Correctional Center. These would be a breeding ground for fungus, mold and mildew and would be considered unsanitary." *Defendants' Exhibit 1 - Court Doc. No. 10-2 (Affidavit of Vince Helms)* at 2. "Laundry is delivered daily Monday through Friday to inmates housed in the Segregation Unit. ... The floor in the Segregation Unit shower is non-skid. To use mats in the shower would pose a health hazard with the growth of mold and fungus." *Defendants' Exhibit 2 - Court Doc. No. 10-3 (Affidavit of James H. DeLoach)* at 2. "Draper Segregation Unit has an inmate assigned to clean up daily. The inmate cleaner uses disinfectant and soaps each day. The inmates are allowed to keep shower shoes for showers. Rubber mats are not used in any showers at Draper Correctional Center. ... The laundry is picked up daily from the segregation [unit]. The jumpsuits that are worn by the segregation inmates are changed out every other day." *Defendants' Exhibit 3 - Court Doc. No. 10-4 (Affidavit of Joseph Womble)* at 2.

As previously noted, correctional officials may be subjected to liability under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828; *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844 (To prevail on a claim of deliberate indifference, a plaintiff must demonstrate the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the risk'...."). Additionally, only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* at 347. Thus, in order to survive summary judgment on his claims challenging the conditions of confinement, the plaintiff is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Hale*, 50 F.3d at 1582. "[D]eliberate indifference is a stringent standard of fault, requiring proof that [the] actor disregarded a known or obvious consequence of his action." *Board of County Commissioners v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997); *see also Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir.1995).

Living conditions within a correctional facility will constitute cruel and unusual punishment when the conditions involve or result in "wanton and unnecessary infliction of pain, [or] ... [are] grossly disproportionate to the [reason for] imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Conditions ... alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the contemporary standard of decency.... But conditions that

cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes*, 452 U.S. at 347. To determine whether conditions of confinement constitute cruel and unusual punishment, the court must look to the effect the condition has upon the inmate. *Id.* at 366. In a case involving conditions of confinement generally or several different conditions, the court should consider whether the claims together amount to conditions which fall below constitutional standards. *Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985), *cert. denied Hamm v. De Kalb County*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L. Ed. 2d 894 (1986); *see also Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

Saylor complains that for thirty-eight (38) days during his confinement in the segregation unit at Draper he experienced less than sanitary conditions, showers without rubber mats and inadequate laundry services. The defendants filed probative evidentiary materials which refute these claims. Specifically, the affidavits and other relevant documents submitted by the defendants indicate that correctional officials scheduled cleaning of the segregation unit on a daily basis, did not allow the use of rubber mats in the shower for health reasons, allowed the plaintiff the use of shower shoes, equipped the showers with non-skid floors and provided ample opportunity for Saylor to have his prison clothes laundered.

Saylor presents only conclusory allegations of constitutional violations regarding the conditions of confinement in the Draper segregation unit. Despite these allegations,

Saylor has failed to meet his burden on summary judgment of establishing that the conditions about which he complains denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Rhodes v. Chapman*, 452 U.S. at 347. Furthermore, Saylor has failed to demonstrate any deliberate indifference or reckless disregard by the defendants with respect to his health or safety. Consequently, summary judgment is due to be granted in favor of the defendants on these claims.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be granted.

2. Judgment be entered in favor of the defendants.

3. The costs of this proceeding be taxed against the plaintiff.

4. This case be dismissed with prejudice.

It is further

ORDERED that on or before December 27, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of December, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE